IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BUCKEYE STATE MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT B. MIXON, III, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 5:17-CV-366 (MTT)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

On February 4, 2020, the Court ordered Plaintiff Buckeye State Mutual Insurance Company's counsel, Young, Thagard, Hoffman, Smith, Lawrence & Shenton, LLP ("the Law Firm"), to show cause by February 25 why it should not be disqualified. Doc. 40. Rather than make a showing—and rather than timely responding—the Law Firm simply stated in its March 31 brief that Georgia Rule of Professional Conduct 3.7 requires disqualification of attorney Jay Holder Smith, rather than the entire Law Firm. Doc. 41. That response is insufficient.

## DISCUSSION

This disqualification issue arises because the Law Firm represented Buckeye in an underlying matter involving Buckeye's insureds, Britt and Dana Martin. The relevant facts are as follows: The Martins were customers of Defendant Mixon and Company Agency ("the Agency"), which is owned by Defendant Robert B. Mixon, III. Doc. 21-3 at 10:21−11:24, 24:8−17. According to Mixon, on June 11, 2015, the Martins, after "shop[ping] around" for the cheapest rate, told Mixon that they wanted to switch their

insurance policy to Buckeye and requested that their liability coverage remain at $500,000 and that their uninsured motorist ("UM") coverage remain at $50,000 per person/$100,000 per accident.  Docs. 1 ¶ 10; 21-2 ¶¶ 12, 13; 21-3 at 62:15−21; 21-4 ¶ 7.  The Martins chose reduced UM coverage because it was cheaper.  Doc. 21-3 at 62:15−21.  Absent their request for reduced coverage, Georgia law would otherwise require Buckeye to provide UM coverage in an amount equal to their $500,000 liability coverage, thereby increasing the Martins' monthly rates.  O.C.G.A. § 33-7-11; see Doc. 21-3 at 62:15−21.  That same day, Mixon, as requested, issued a binder of Buckeye's policy to the Martins, but he did not have them sign a UM selection/rejection form, and Buckeye collected a premium for the liability and UM amounts requested by the Martins.  Docs. 21-3 at 14:18−15:16, 135; 21-4 ¶ 7.

A week later, the Martins were injured in a car accident.  Doc. 21-3 at 84:12−22.  The accident was caused by a motorist who was insured for only $50,000.  Doc. 21-4 ¶¶ 14, 15.  The at-fault, under-insured motorist paid the Martins $50,000, and the Martins then sought to recover additional compensation from Buckeye, despite their election for reduced coverage of $50,000 per person/$100,000 per accident.  Id.  They based their claim on Georgia's requirement that an insurer provide UM coverage in an amount equal to the policy limits for liability coverage unless the insured "*affirmatively chooses* uninsured motorist limits in an amount less than the limits of liability."  O.C.G.A. § 33-7-11 (emphasis added).  The Martins apparently contended they had not affirmatively chosen reduced UM coverage.  Doc. 21-4 ¶¶ 13, 17−19.

For reasons unknown, neither Buckeye nor the Law Firm contacted the Agency before or during settlement negotiations to inquire whether the Martins

elected—verbally or otherwise—reduced UM coverage.[1]  Doc. 21-3 at 103:22−104:19.  Buckeye apparently concluded it was required by O.C.G.A. § 33-7-11 to afford the Martins additional UM coverage simply because the Martins had not signed a UM form selecting reduced UM coverage.  Doc. 21-4 ¶¶ 18, 19.  As a result, Buckeye paid the Martins $350,000.  *Id.*

On September 26, 2017, Buckeye brought this action against the Defendants.  Doc. 1.  Buckeye alleges, among other things, that the Agency must indemnify Buckeye for its additional payment to the Martins.  *Id.*

Again, Georgia law requires an insurer to provide UM coverage in an amount equal to the policy limits for liability coverage unless the insured "*affirmatively chooses* uninsured motorist limits in an amount less than the limits of liability."  O.C.G.A. § 33-7-11 (emphasis added).  However, "there is no specific requirement that this election be made in writing."  *Lambert v. Alfa Gen. Ins. Corp.*, 291 Ga. App. 57, 60-1, 660 S.E.2d 889, 892 (2008) (citing O.C.G.A. § 33-7-11(a)(1)(B)).  If an insured fails to return a form electing to receive UM coverage less than the limits of liability, that, alone, does not show that he did not affirmatively choose a lesser amount.  *Cf. McGraw v. IDS Prop. & Cas. Ins. Co.*, 323 Ga. App. 408, 411, 744 S.E.2d 891, 894 (2013) (citation omitted).

Based on all this, the issues that will be resolved at the upcoming trial include why Buckeye chose to pay the Martins and how it determined to pay them the sum that it did.  It did so on the advice of counsel, the Law Firm.  When it became apparent that one or more lawyers from the Law Firm must testify, the Court questioned whether the

---

[1] Furthermore, Mixon testified that "it went around the community … that Britt [Martin] was trying to get enough from somebody where he could stay out of work."  Doc. 104:21−24.

Law Firm could continue to represent Buckeye.  When the question languished, the Court entered its show cause order.

Over a month after the deadline to show cause, the Law Firm—without filing a motion for an extension—filed its response.  Doc. 41.  The Law Firm's brief simply asserted that the entire Law Firm should not be disqualified because only one attorney from the Law Firm, Mr. Smith, represented Buckeye in its dispute with the Martins, and is thus the only attorney that would need to testify at trial.  *Id.*  The response cited no evidence and only one source, Georgia Rule of Professional Conduct 3.7, which states that "[a] lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9."  Doc. 41 (citing GA. RULES OF PROF'L CONDUCT r. 3.7(b)).

The Court's Local Rules state that attorneys "shall be governed by this Court's Local Rules, by the Rules of the Professional Conduct adopted by the [Georgia Supreme Court], … [and] the American Bar Association Model Rules of Professional Conduct."  M.D. Ga. R. 83.2.1(A).  The Georgia Rules of Professional Conduct and the ABA's Model Rules employ an identical Rule 3.7, which provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7[2] or Rule 1.9.[3]

It is readily apparent and undisputed that Mr. Smith cannot represent Buckeye in this present action under Rule 3.7(a).  Doc. 41.  However, for two reasons, the Court is not certain Mr. Smith's disqualification alone is sufficient.

First, there is no evidence that Mr. Smith was the only attorney who worked on the underlying case.  The Court does not question the Law Firm's representation to that effect, but still it must be confirmed.  Second, even if that is the case, the Court is not convinced that disqualifying Mr. Smith adequately addresses the potential prejudice to the Defendants, particularly given their *pro se* status.

Accordingly, the Court orders Buckeye and the Law Firm to produce for *in camera* inspection all documents relating to Buckeye's dispute with the Martins from the inception of the dispute until the execution of the settlement with the Martins, including, of course, attorney/client communications.  The documents shall be numbered and shall be produced not later than **May 31, 2020**.

**SO ORDERED**, this 23rd day of April, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] "A lawyer shall not represent or continue to represent a client if there is a significant risk that the lawyer's own interests … will materially and adversely affect the representation of the client. . . ."  GA. RULES OF PROF'L CONDUCT r. 1.7(a).  It does not appear that the Law Firm's or Mr. Smith's interests are adverse to Buckeye's.

[3] "A lawyer who has formerly represented a client in a matter or whose present … firm has formerly represented a client in a matter shall not thereafter: … reveal information relating to the representation except as Rule 1.6 … would permit or require with respect to a client."  GA. RULES OF PROF'L CONDUCT r. 1.9(c)(2).  Rule 1.6(a) states that "[a] lawyer shall maintain in confidence all information gained in the professional relationship with a client … unless the client gives informed consent, except for disclosures that are … required … by order of the court."