IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BUCKEYE STATE MUTUAL INSURANCE COMPANY,       Plaintiff,       v.  ROBERT B. MIXON, III, *et al.*,       Defendants. | CIVIL ACTION NO. 5:17-CV-366 (MTT) |

# ORDER

Plaintiff Buckeye State Mutual Insurance Company alleges, among other things, that Defendants Robert Mixon and Mixon and Company Agency, Inc. ("the Agency") breached their agency contract.  Doc. 1 ¶ 8 ("On or about April 22, 2013 Plaintiff and Defendants entered into an agency agreement authorizing Defendants to act as an insurance agent of Plaintiff.").  Buckeye initially contended that Mixon somehow admitted in a *pro se* answer filed on his behalf and, improperly, on behalf of the Agency that both he and the Agency were parties to the contract.  Docs. 21-1 at 14; 31 at 5 (citing Doc. 13 ¶ 8 ("The *defendant* admits the allegations in paragraph 8." (emphasis added))).  Buckeye then moved for partial summary judgment on, among other things, its breach of contract claim against Mixon and the Agency.  Doc. 21.  It attached the agency contract to its motion, which shows that Mixon signed the contract as an authorized agent for the Agency, not as an individual.  Doc. 21-3 at 143 ("Authorized

Agency Owner/Officer"). Neither Mixon nor the Agency timely responded. See Docs. 24; 26.

At a May 22, 2019 hearing, Buckeye stated that it was no longer pursuing a breach of contract claim against Mixon because Mixon was not a party to the agency contract. Doc. 30; see Doc. 21-3 at 141−43. In subsequent briefing, Buckeye backtracked, claiming its representation was "made in error" and that it was pursuing a contract claim against Mixon because he admitted that he breached the agency contract in his answer. Doc. 31 at 5 n.1. During a telephone conference discussing the parties' post-hearing briefs, the Court terminated Buckeye's motion for partial summary judgment without prejudice and told Buckeye that it could reinstate its motion upon the completion of additional discovery. Doc. 35. Additional discovery was completed on November 21. *Id.* On February 4, 2020, the Court notified the parties that it would enter summary judgment *sua sponte* against Buckeye on its breach of contract claim against Mixon unless Buckeye could show "no later than February 25 a possible basis" for pursuing that claim. Doc. 40. Additionally, Buckeye was directed to renew all or part of its motion for partial summary judgment by February 25 if it wished to do so. *Id.* Buckeye untimely responded on March 31 and did not object to the Court entering summary judgment against Buckeye on its breach of contract claim against Mixon. Docs. 41; 41-1.

The evidence clearly shows that Buckeye and the Agency were the only parties to the contract. Doc. 21-3 at 143. Buckeye does not dispute this. An ambiguous statement in a *pro se* answer does not change this undisputed fact. Even if Mixon had admitted that he, individually, was a party to the contract, the Court would allow Mixon

to withdraw that admission.  In no event, under these circumstances, would the Court allow recovery based on an admission known to be false.  Given Buckeye's failure to timely respond and object to the Court's February 4 order, the Court concludes that Buckeye again agrees that it has no viable contract claim against Mixon.  But whether it does or not, it has no breach of contract claim against Mixon.  Accordingly, partial summary judgment against Buckeye is **GRANTED**, and Buckeye's breach of contract claim against Mixon is **DISMISSED with prejudice**.[1]

**SO ORDERED**, this 3rd day of September, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] "A district court possesses the power to enter summary judgment *sua sponte* provided the losing party 'was on notice that she had to come forward with all of her evidence.'" *Burton v. City of Belle Glade*, 178 F.3d 1175, 1203 (11th Cir. 1999) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)).  "[S]o long as the party against whom judgment will be entered is given sufficient advance notice and has been afforded an adequate opportunity to demonstrate why summary judgment should not be granted, then granting summary judgment *sua sponte* is entirely appropriate." *Id.* at 1204 (citation omitted).  Buckeye came forward with all of its evidence when it filed its motion for summary judgment.  Docs. 21-1; 31.  In addition to the May 22 hearing, Buckeye was given three opportunities to address a *sua sponte* grant of summary judgment to Mixon.  Docs. 31; 33; 40.  Buckeye has thus been given sufficient advance notice and has been afforded more than one opportunity to demonstrate why summary judgment should not be entered against it on its breach of contract claim against Mixon.